

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| THE COUNTY OF EL PASO, TEXAS, | | No. 08-18-00012-CV |
| | § | |
| Appellant, | | Appeal from |
| | § | |
| v. | | 448th District Court |
| | § | |
| JANICE BAKER, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC # 2016DCV1259) |
| | § | |

## **O P I N I O N**

This is an accelerated interlocutory appeal from a trial court's order denying El Paso County's plea to the jurisdiction. The only question we need to resolve is whether Janice Baker made out a prima facia premises liability case against the County arising from an injury she claims was caused by a set of elevator doors at the County Courthouse. The County presented evidence that it had no knowledge of the claimed defect with the elevator doors which is a necessary element of Baker's claim. We conclude that Baker offered no evidence raising a fact issue on that specific question. Accordingly, the trial court erred in overruling the County's plea to the jurisdiction. The order below is reversed and the case against El Paso County is dismissed for want of jurisdiction.

**FACTUAL SUMMARY**

Janice Baker visited the El Paso County Courthouse on July 17, 2014. While entering elevator number six, she claims the doors shut on her causing bodily injury. She reported the injury that day and spoke with Deputy Sheriff Alfredo Colorado, who prepared a report documenting the incident. The El Paso Fire Department treated her on scene, but she refused to go to the hospital. Officer Colorado transported her by wheelchair to a nearby bus stop.

A month after the incident, her lawyer sent a letter to the El Paso County Judge stating that he had been retained in connection with Baker's personal injuries sustained on July 17, 2014 at the County Courthouse. An attorney for the County promptly acknowledged the correspondence. The County's attorney stated "[o]nce you have provided sufficient information for us to evaluate your client's allegations, I will present the matter to Commissioner's Court for their consideration of your claim."

In April 2016, Baker filed suit against the County asserting a claim for negligence. The County answered and later named ThyssenKrupp Elevator Corporation as a responsible third party, claiming that entity services the elevators for the County. Following several amended petitions, ThyssenKrupp Elevator Corporation and ThyssenKrupp Elevator Americas Corporation appeared as defendants below.

The County eventually filed a combined plea to the jurisdiction, traditional and no-evidence motion for summary judgment. The motion advanced two arguments relevant here. First, the County claimed it was not given proper notice of the claim as required by TEX.CIV.PRAC.&REM.CODE ANN. § 101.101(a)(a governmental unit is entitled to receive notice of a claim within six months of the incident which describes: "(1) the damage or injury claimed; (2) the time and place of the incident; and (3) the incident."). Second, the County argued that the

claim against it is limited to a premises liability theory, and under that theory, a licensee such as Baker must show that the County had actual knowledge of the claimed defect. Supported by several maintenance records and the affidavit of its maintenance supervisor, the County urged it had no actual knowledge of the claimed dangerous condition in elevator six.

On the notice of claim issue, Baker responded by offering proof of the oral report of injury that she made that day, the incident report prepared by Officer Colorado, and the notice of representation letter that her lawyer sent the month following the incident. She contends that the County had formal notice as contemplated by Section 101.101(a), or alternatively, actual notice as permitted by Section 101.101(a). As to the premises liability issue--whether the County had actual knowledge of the claimed defect--she offered only a photocopy of a news article that we describe in more detail below.

The trial court denied the County's motion following a non-evidentiary hearing. This interlocutory appeal follows.[1] *See* TEX.CIV.PRAC.&REM.CODE ANN. § 51.014(a)(8)(allowing interlocutory appeal from order that grants or denies a plea to the jurisdiction by a governmental unit).

## PLEAS TO THE JURISDICTION

Sovereign immunity (from suit) implicates a trial court's subject matter jurisdiction over a lawsuit unless the State expressly consents to suit. *Engelman Irrigation Dist. v. Shields Brothers, Inc.*, 514 S.W.3d 746, 751 (Tex. 2017). Governmental immunity operates like sovereign immunity and affords similar protection to subdivisions of the State, including its counties. *Harris County v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bates v. Pecos County*, 546 S.W.3d 277, 283 (Tex.App.--El Paso 2017, no pet.). El Paso County is entitled to immunity from lawsuits seeking

---

[1] The ThyssenKrupp entities are not parties to this appeal and that portion of the case still pends below.

monetary damages unless its immunity is waived. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012); *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The Legislature has provided a limited waiver of governmental immunity in the Texas Tort Claims Act. That act allows suits against governmental entities for, among other things, personal injuries arising from a "premise defect," as well as from the "condition or use of tangible personal . . . property[.]" TEX.CIV.PRAC.&REM.CODE ANN. §§ 101.021, 101.022; *see also State v. Gonzalez*, 82 S.W.3d 322, 326 (Tex. 2002).

A plaintiff must fall within the limited waiver of immunity and a governmental entity may challenge whether the plaintiff has done so through a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 225-26. The plea may challenge the sufficiency of the pleadings, or it might also include jurisdictional evidence which thereby places into issue the existence of a jurisdictional fact. *Id*.; *Univ. of Texas at El Paso v. Ochoa*, 410 S.W.3d 327, 330 (Tex.App.--El Paso 2013, pet. denied). When a plea to the jurisdiction challenges the pleadings, we look to the pleader's intent, construe the pleadings liberally in favor of jurisdiction, and accept the allegations in the pleadings as true to determine if the pleader has alleged sufficient facts to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012); *JNC Land Co., Inc. v. City of El Paso*, 479 S.W.3d 903, 907 (Tex.App.--El Paso 2015, pet. denied). "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend." *Miranda*, 133 S.W.3d at 226-27. If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend their pleading. *Id.* at 227.

4

When a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties. *Id*. at 226. "If there is no question of fact as to the jurisdictional issue, the trial court must rule on the plea to the jurisdiction as a matter of law." *City of El Paso v. Heinrich*, 284 S.W.3d 366, 378 (Tex. 2009). "If, however, the jurisdictional evidence creates a fact question, then the trial court cannot grant the plea to the jurisdiction, and the issue must be resolved by the fact finder." *Id.* "This standard mirrors our review of summary judgments" where the reviewing court takes as true all evidence favorable to the non-movant, indulging every reasonable inference and resolving any doubts in the non-movant's favor. *Id.*

While akin to a summary judgment, a plea to the jurisdiction is not a substitute for a "no evidence" motion for summary judgment. Instead, to trigger the plaintiff's obligation to submit some evidence creating a fact issue, the government entity must first present evidence conclusively negating one or more elements of the plaintiff's claim. *Miranda*, 133 S.W.3d at 226; *Texas Dept. of Fam. and Protective Services v. Howard*, 429 S.W.3d 782, 786 (Tex.App.--Dallas 2014, pet. denied). As the *Miranda* court explained, "[b]y requiring the [governmental entity] to meet the summary judgment standard of proof in cases like this one, we protect the plaintiffs from having to 'put on their case simply to establish jurisdiction.'" *Miranda*, 133 S.W.3d at 228, *quoting Bland Independent School Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). But if there is no fact question on the jurisdictional issue, the trial court should rule on the plea to the jurisdiction as a matter of law. *Heinrich*, 284 S.W.3d at 378.

We review *de novo* the question of whether a plaintiff has alleged facts sufficient to affirmatively demonstrate a trial court's subject matter jurisdiction, and whether the jurisdictional facts establish a trial court's jurisdiction (or lack thereof). *Miranda*, 133 S.W.3d at 226-27; *State*

5

*Dept. of Highways and Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Tabrizi v. City of Austin*, 551 S.W.3d 290, 295-96 (Tex.App.--El Paso 2018, no pet.).

## DISCUSSION

The County raises two issues on appeal. In its first issue, it claims that the notice of claim was deficient. In the County's second issue, it contends that Baker has not overcome the County's evidence that it had no actual notice of a premises defect. Even if we assume perfect notice was given as required by law, the appeal can be resolved on the County's second issue, which we find dispositive.

## PREMISES LIABILITY

The Tort Claims Act waives immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." TEX.CIV.PRAC.&REM.CODE ANN. § 101.021(2). If the claim arises from a premises defect, as both parties concede here, "the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises." *Id*. at § 101.022(a); *see also City of El Paso v. Viel*, 523 S.W.3d 876, 890 (Tex.App.--El Paso 2017, no pet.)(applying premises liability standard to claim that a garage door injured plaintiff): *University of Texas Med. Branch at Galveston v. Davidson*, 882 S.W.2d 83, 86 (Tex.App.--Houston [14th Dist.] 1994, no pet.)(concluding injury from elevator implicated premises liability and not ordinary negligence claim). Baker does not allege that she paid to use the premises, so we analyze her claim under the licensee standard.[2]

---

[2] The statute sets out another exception for special defects, such as "excavations or roadway obstructions" that Baker also does not claim applies here. *See Harris County v. Eaton*, 573 S.W.2d 177, 179 (Tex. 1978).

A landowner owes a duty not to "injure a licensee by willful, wanton or grossly negligent conduct, and that the owner use ordinary care either to warn a licensee of, or to make reasonably safe, a dangerous condition of which the owner is aware and the licensee is not." *Sampson v. University of Texas at Austin*, 500 S.W.3d 380, 384-85 (Tex. 2016), *quoting State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex. 1992). Thus, absent willful, wanton, or grossly negligent conduct to injure Baker, she needed to prove:

> (1) a condition of the premises created an unreasonable risk of harm to the licensee; (2) the owner actually knew of the condition; (3) the licensee did not actually know of the condition; (4) the owner failed to exercise ordinary care to protect the licensee from danger; (5) the owner's failure was a proximate cause of injury to the licensee.

*Payne*, 838 S.W.2d at 237.

That brings us to the first problem with Baker's last amended petition: it does not track the duty of care owed a licensee. She asserted that the County was liable because:

> [The County] negligently permitted the elevator doors to malfunction, negligently or willfully allowed such condition to continue and negligently or willfully failed to warn Plaintiff of the condition of the elevator doors. This condition existed despite the fact that [the County or the County's] agents knew or should have known of the existence of the aforementioned condition and that there was likelihood of a person being injured . . . ."

It specifically claims the County "failed to properly inspect and maintain" the elevator "*to discover the dangerous condition.*" [Emphasis added]. It alleges the condition continued for such a period of time that had the County exercised ordinary care, "it *would have noticed* and corrected" the problem [Emphasis added]. Her petition therefor principally alleges a claim based on the duty owed to an invitee, while at the same time expressly acknowledging she was a licensee. *Cf. Keetch v. Kroger Co.,* 845 S.W.2d 262, 264 (Tex. 1992)(stating duty owned to invitee) *with Payne*, 838 S.W.2d at 237 (duty for licensee).

When we encounter a defect in pleadings that could be resolved by amendment, and do not otherwise demonstrate incurable defects in jurisdiction, we ordinarily would afford the plaintiff

7

the opportunity to amend. *Miranda*, 133 S.W.3d at 226-27. A remand to amend, however, would only result in Baker setting out the correct elements of the duty owed to a licensee, which includes the County's actual knowledge of the claimed defect. The County, however, already challenged below whether it had actual knowledge of that defect and Baker responded to that issue below. The parties have addressed it on appeal, and we see no merit in Baker's request to remand so she can file a Fifth Amended petition. Therefore, we get to the heart of this case: Does Baker have any proof to overcome the County's evidence that it had no actual notice of the claimed defect in elevator number six.[3]

To prove the actual-knowledge element, the licensee must show that the owner actually knew of a "dangerous condition at the time of the accident[.]" *City of Corsicana v. Stewart*, 249 S.W.3d 412, 413-14 (Tex. 2008)(per curiam), *quoting City of Dallas v. Thompson*, 210 S.W.3d 601, 603 (Tex. 2006)(per curiam). It requires more than the mere possibility that a dangerous condition could develop over time. *University of Texas at Austin v. Hayes*, 327 S.W.3d 113, 117 (Tex. 2010). In other words, actual knowledge rather than constructive knowledge is required. *State v. Tennison*, 509 S.W.2d 560, 562 (Tex. 1974). Certainly, circumstantial evidence can establish actual knowledge, when such evidence directly or by reasonable inference supports that conclusion. *Suarez v. City of Texas City*, 465 S.W.3d 623, 634 (Tex. 2015). And often, actual knowledge is shown through evidence that the premises owner "received reports of prior injuries or reports of the potential danger presented by the condition." *Sampson*, 500 S.W.3d at 392, *quoting University of Texas-Pan Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008); *Viel*, 523 S.W.3d at 898.

---

[3] Baker's pleading also claims the County "willfully" allowed the malfunction to go unrepaired and "willfully" failed to warn Baker about the condition. Even assuming this allegation is tantamount to alleging that the County willfully injured Baker, the County has contested the allegations by presenting evidence it was unaware of this malfunction. We are thus returned to the contested jurisdictional fact of whether the County was aware of the problem.

8

With these standards in mind, we turn to the evidence presented in this case. The County supported its plea with the affidavit of Gilbert Mijarez, the Public Works Facilities Manager for the County. He oversees the El Paso County Courthouse. One of his duties is to maintain the elevators, but the County contracts with Thyssenkrupp Elevator Corporation to do any maintenance. When a problem is reported about an elevator, department policy requires that the elevator be locked down, and Thyssenkrupp Elevator Corporation called to perform maintenance. The County's maintenance department itself inspects the elevators yearly.

In December 2013, the Texas Department of Licensing and Regulation issued a Certificate of Compliance for elevator six following its inspection. Mijarez further swore that prior to July 17, 2014, he was not aware of any problems with the doors on elevator six, nor had he received any reports that someone had been injured by them. Even after the incident, he was not made aware of any similar problems with that elevator. The County also attached what appear to be elevator maintenance records for 2014. The records reflect issues such as call buttons working improperly, elevators getting stuck, or the generic statement "elevators not working." But there are no records showing problems with the elevator doors closing on building patrons. The County also included an affidavit from Sheriff's Deputy Colorado who investigated Baker's claim that day. He was not aware of anyone getting injured because elevator doors in the County Courthouse closed on them.

Baker's response included a copy of a news article reporting that a woman got stuck in one of the elevators the first week of December 2015 (almost a year and half after Baker's incident). The story refers to another "woman who works at the courthouse" who said that "several months ago a County staffer was also trapped in a courthouse elevator." Baker mainly relies on a quote in the article from Pat Adauto, identified as the County Public Works Director, who stated that the

9

elevators "are old" and "have not been replaced since the building was built" (some 28 years ago). Adauto reportedly also stated: "If we are not at the point, we are near the point of possibly a full replacement."

The County responds that we cannot consider this evidence because it is hearsay to which no exception applies. And indeed, the hearsay rules would generally preclude a newspaper article offered for the truth of the matter asserted. *Deramus v. Thornton*, 160 Tex. 494, 333 S.W.2d 824, 831 (1960); *Ash v. Hack Branch Distrib. Co., Inc.*, 54 S.W.3d 401, 412 (Tex.App.--Waco 2001, pet. denied). There are limited exceptions, none of which are apparent here. *See City of Austin v. Houston Lighting & Power Co.*, 844 S.W.2d 773, 791 (Tex.App.--Dallas 1992, writ denied) (collecting cases for exceptions). Yet while the County lodged a hearsay objection below, the trial court never made a ruling on the objection, and that proves fatal to the County's hearsay arguments on appeal.

The Texas Supreme Court has stated that the standard applied in reviewing a plea to the jurisdiction "mirrors that of a summary judgment[.]" *Miranda*, 133 S.W.3d at 228. In turn, summary judgment proceedings use the rules of error preservation applicable during trial. TEX.R.APP.P. 33.1(a); *Mansions in the Forest, L.P. v. Montgomery County*, 365 S.W.3d 314, 317-18 (Tex. 2012)(per curiam). To preserve a complaint for appellate review: (1) a party must complain to the trial court by way of a timely request, objection, or motion; and (2) the trial court must rule or refuse to rule on the request, objection, or motion. TEX.R.APP.P. 33.1(a); *Mansions in the Forest, L.P.*, 365 S.W.3d at 317. Thus, in a summary judgment proceeding, a party asserting objections should obtain a written ruling at, before, or very near the time the trial court rules on the motion for summary judgment or risk waiver. *See* TEX.R.APP.P. 33.1(a); *Dolcefino v. Randolph*, 19 S.W.3d 906, 926 (Tex.App.--Houston [14th Dist.] 2000, pet. denied). This same

concept has been applied in pleas to the jurisdiction. *City of Dallas v. Papierski*, No. 05-17-00157-CV, 2017 WL 4349174, at *2-3 (Tex.App.--Dallas Oct. 2, 2017, no pet.)(mem. op., not designated for publication)(in a plea to jurisdiction, party must object and obtain a ruling to preserve objection for appeal as to the form of evidence); *In re Vida*, No. 04-14-00636-CV, 2015 WL 82717, at *3 n.3 (Tex.App.--San Antonio Jan. 7, 2015, original proceeding)(same).

A well-developed body of law governs affidavits in the summary judgment context. The case law draws a distinction between defects in form and substance. *See Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 225 (Tex.App.--El Paso 2002, no pet.). Form defects must be preserved by both an objection and ruling at the trial court, while substantive objections can be raised even on appeal. *Id.*; *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 191 (Tex.App.--El Paso 2017, no pet.). Hearsay is an objection to form. *Vasquez v. S. Tire Mart, LLC*, 393 S.W.3d 814, 819 (Tex.App.--El Paso 2012, no pet.); *Rockwall Commons Associates, Ltd. v. MRC Mortg. Grantor Tr. I*, 331 S.W.3d 500, 507 (Tex.App.--El Paso 2010, no pet.); *see also Stone v. Midland Multifamily Equity REIT*, 334 S.W.3d 371, 374 (Tex.App.--Dallas 2011, no pet.)(holding that hearsay statement in affidavit filed in support of summary judgment is a defect in form that must be objected to at the trial). Consequently, unless an order sustaining a hearsay objection to summary judgment evidence is reduced to writing, signed, and entered of record, the evidence remains part of the summary judgment proof even if a party has objected to an opponent's summary judgment evidence. *See Seim v. Allstate Texas Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018), *citing Mitchell v. Baylor Univ. Med. Ctr.*, 109 S.W.3d 838, 842 (Tex.App.--Dallas 2003, no pet.). Because there was no ruling on the County's objection below, we are constrained to accept the news article at face value. *See also* TEX.R.EVID. 802 ("Inadmissible hearsay admitted without objection may not be denied probative value merely because it is hearsay.")

11

Nonetheless, Baker's evidence simply does not raise a fact issue about whether the County was actually aware of a defect with the doors on elevator six. The fact that the elevator trapped someone inside (after Baker's injury) is of no help--it is not specific to elevator number six, or even the same kind of problem that Baker alleged.

Nor would the fact that the County knew that the elevators were "old" and should be replaced show the kind of knowledge required for a valid licensee-premises-liability claim. In *City of Dallas v. Thompson*, the court addressed an injury from a cover plate in a walkway that the city knew "could become loose and raise suddenly or over time with ordinary wear and tear." 210 S.W.3d 601, 603 (Tex. 2006). This knowledge, however, was not actual knowledge of a premises defect; "the fact that materials deteriorate over time and may become dangerous does not itself create a dangerous condition, and the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time." *Id.* Likewise, in *City of Denton v. Paper* the city arguably knew that an area of the street it repaired might sink, and true enough, a week later, a cyclist was injured by a depression in the road. 376 S.W.3d 762, 767 (Tex. 2012). Yet, a city employee testified that when the crew completed the project, the construction area was level with the street, and the city received no complaints following its repair. *Id.* The court concluded the premises claim against the city failed because "the actual knowledge required for liability is of the dangerous condition at the time of the accident, not merely of the possibility that a dangerous condition can develop over time." *Id., quoting City of Dallas*, 210 S.W.3d at 603.

By the same token, the fact that the elevators are old and may break-down is not the same as evidence of actual knowledge of an existing dangerous condition that presents an unreasonable risk of harm. At most, Baker raises a suspicion that the County might have known of problems

12

with the elevators, but "[a]n inference is not reasonable if premised on mere suspicion--'some suspicion linked to other suspicion produces only more suspicion, which is not the same as some evidence.'" *Sampson*, 500 S.W.3d at 395, *quoting Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 728 (Tex. 2003)(per curiam).

At oral argument (but not in her brief) Baker contends that the County failed to fully respond to discovery requests which denied her the ability to fully respond to the actual notice issue. Our review of the record shows that suit was filed on April 1, 2016 at which time Baker included a request for disclosure, requests for production, and interrogatories to the County. Her first complaint about the County's discovery responses in our record was made through a motion to compel filed on January 11, 2018, the same date Baker filed her response to the plea to the jurisdiction. The motion to compel makes two complaints: (1) the County failed to provide a withholding statement under TEX.R.CIV.P. 193.3 for various redactions made on the elevator maintenance records; and (2) the County failed to respond to a request for production for "all surveillance tapes, movies or photos of the Plaintiff on the date of the alleged occurrence." Apparently, Deputy Sheriff Colorado on the date of the incident viewed surveillance video footage that showed Baker that day enter the courthouse, leave the courthouse, and then return to the courthouse. The County maintained that the video was not saved at that time and was eventually recorded over.

As to the surveillance tape, Baker does not explain how video of her comings and goings in the courthouse that day would address the issue of the County's prior knowledge of a premise defect. As to her complaint about the redactions to the maintenance records, Baker never set the motion to compel for a hearing, and thus never proved that the motion was meritorious under the requirements of TEX.R.CIV.P. 193.3.

13

**CONCLUSION**

We grant Issue Two, and render judgment dismissing the premises liability claim against the County for want of jurisdiction. We decline to reach Issue One.

May 31, 2019
                                            ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Palafox, JJ.