

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00362-CV

---

PENNY SAPPINGTON,  APPELLANT

V.

MICHAEL CLARK, APPELLEE

---

On Appeal from the 237th District Court
Lubbock County, Texas
Trial Court No. 2018532052, Honorable Les Hatch , Presiding

---

January 10, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Pending before the Court is Penny Sappington's appeal from a judgment granting the no-evidence motion for summary judgment filed by Michael Clark.  She sued Clark for injuries purportedly arising when she tripped on a broken concrete walkway in Clark's backyard.  Clark allegedly asked her to care for his dog, and the incident occurred upon acceding to and performing the request.  Clark filed his original and amended no-evidence motion, questioning whether she had evidence supporting the elements of her premises

liability claim.[1]  So too did he object to various items of evidence attached to Sappington's response to the motion.  As said earlier, the trial court granted the motion and aspects of Clark's objections.  She now argues before us that the trial court erred and asserts several issues supporting that contention.  They are whether 1) she was entitled to correct defects in the form of her summary judgment evidence, 2) medical expert testimony was needed to establish a causal link between the fall and her "overt injuries such as broken bones and teeth," and 3) evidence of pain was sufficient to establish damages.  We reverse.

### *Issue One*

Through her first issue Sappington asks: "Does a trial court err when it denies a Rule 166a(f) motion for leave to correct defect in the form of the nonmovant's summary judgment evidence?"  The answer is yes under the circumstances at bar.

Per Texas Rule of Appellate Procedure 166a(f), "[d]efects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend."[2]  TEX. R. CIV. P. 166a(f).  This does not apply to substantive defects, however, but only to defects in form.  *Williams*

---

[1] In particular, he averred that she had no evidence 1) "that Defendant was negligent on or about September 13, 2016"; 2) that "Defendant breached any duty to Plaintiff"; 3) that Clark "failed to keep the premises safe and free from unreasonably dangerous conditions"; 4) "that the porch at issue . . . presented an unreasonably dangerous condition"; 5) "that Defendant created the alleged hazard at issue"; 6) "that Defendant was negligent in maintaining the porch at issue"; 7) "that the porch at issue posed an unreasonable risk of harm"; 8) "that the Plaintiff's alleged injuries were by caused [sic] the fall on September 13, 2016"; 9) "of medical causation of Plaintiff's alleged injuries"; 10) "that any action of Defendant caused or contributed to the accident"; 11) "that any act or omission of Defendant proximately caused the Plaintiff's damages"; 12) of a fact witness "supporting Plaintiff's allegations"; 13) including "[n]o expert witness testimony supporting Plaintiff's allegations or supporting any causation of injuries"; and 14) including "[n]o expert or fact witness testimony authenticating or laying the foundation for any of Plaintiff's medical or billing records."

[2] Sappington asked for leave to cure the purported defects in her evidence "per TRCP 166a f) g) [sic] and moved . . . for a continuance to allow Plaintiff to obtain any affidavit or deposition testimony necessary to support its claims."  The request appeared in a letter brief to the trial court dated August 14, 2020.  Clark responded to that letter brief through his own dated August 17, 2020.  The trial court granted summary judgment September 24, 2020.

*v. G&E Reit II MOB, LLC*, No. 10-16-00325-CV, 2017 Tex. App. LEXIS 4084, at *9 (Tex. App.—Waco May 3, 2017, no pet.) (mem. op.); *Threlkeld v. Urech*, 329 S.W.3d 84, 89 (Tex. App.—Dallas 2010, pet. denied). Examples of defects in substance include the complete failure to authenticate documents, as opposed to a defective attempt at authentication. *Arnold v. Life Partners, Inc.*, 416 S.W.3d 577, 590 (Tex. App.—Dallas 2013), *aff'd*, 464 S.W.3d 660 (Tex. 2015); *Huffaker v. Wylie LP Gas, Inc.*, No. 07-08-0133-CV, 2009 Tex. App. LEXIS 3741, at *4–5 (Tex. App.—Amarillo May 29, 2009, pet. denied) (mem. op.).

Clark objected to three exhibits Sappington attached to her response to the summary judgment motion. Two objections were sustained. They concerned Exhibits 4 and 5. The latter appeared to be a medical report; the former consisted of pictures. Among other things, Clark objected to the admission of Exhibit 4 because no effort was made to authenticate the pictures. We agree; Sappington did not attempt to authenticate them in any way. In other words, there was a complete absence of authentication. That being so, the defect fell outside Rule 166a(f), and the trial court was not obligated to afford Sappington opportunity to correct it.

As for Exhibit 5, Clark sought its exclusion on the basis of no authentication and hearsay. The latter is a defect in form. *Sewell v. City of Odessa*, No. 11-19-00121-CV, 2021 Tex. App. LEXIS 3312, at *7 (Tex. App.—Eastland Apr. 30, 2021, no pet.) (mem. op.); *Cnty. of El Paso v. Baker*, 579 S.W.3d 686, 694 (Tex. App.—El Paso 2019, no pet.). Thus, it fell within the scope of Rule 166a(f), and, more importantly, she requested leave to correct the defect.

3

As for the matter of authentication, the record indicates that the medical report was provided to Sappington by Clark through discovery. That would make it self-authenticating under Texas Rule of Civil Procedure 193.7, subject, of course, to timely objection by the opposing party. TEX. R. CIV. P. 193.7. Clark objected the day before the summary judgment hearing. And, before the court ruled on the objections and underlying summary judgment motion, Sappington sought leave to authenticate. Those circumstances do not evince a complete lack of authentication. Simply put, the report was self-authenticating due to the effect of Rule 193.7 and remained so until someone objected. Only then did the obligation to assure authentication arise. This likens to a situation within the scope of Rule 166a(f), that is, one involving a defect in form since there was not a complete absence of authentication. We reiterate: Exhibit 5 was authenticated at one point. So, leave should have been granted to correct the defect, i.e., to re-authenticate a document earlier deemed authenticated by operation of law.

Nevertheless, Clark asserted that Sappington waived her opportunity to cure. He believed that so because she "did not file new or amended exhibits or otherwise attempt to cure the defects identified by Clark in his objections." True, the record does illustrate that she "did not file new or amended exhibits." Yet, it also discloses that she sought leave to cure the defects over a month before the trial court granted summary judgment. That circumstance differentiated her situation from the one in the legal authority upon which Clark relied. As expressly noted by the court in *Lewis v. Rucker*, No. 02-16-00254-CV, 2017 Tex. App. LEXIS 8970 (Tex. App.—Fort Worth Sept. 17, 2017, pet. denied) (mem. op.), the appellant did not seek such leave ***before entry of summary judgment***. *Id.* at *6. And, as later explained by that very court, it is the absence of a request to cure

4

***before entry of summary judgment that results in waiver***. *See Hobson v. Francis*, No. 02-18-00180-CV, 2019 Tex. App. LEXIS 5412, at *29–32 (Tex. App.—Fort Worth June 27, 2019, no pet.) (mem. op). Sappington did here what the appellant failed to do in *Lewis*; so, her opportunity to cure was not lost, at bar.

Yet, finding error alone does not necessarily warrant reversal of the judgment. This is so because harm normally must accompany the error. As said in Rule 44.1 of the Texas Rules of Appellate Procedure, "[n]o judgment may be reversed on appeal . . . unless the court of appeals concludes that the error complained of . . . (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals." TEX. R. APP. P. 44.1(a)(1), (2); *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). We need not assess the entire parameters of the phrase "probably caused the rendition of an improper judgment." At the very least they include situations when improperly excluded evidence was "crucial to a key issue." *Cent. Expressway Sign Assocs.*, 302 S.W.3d at 870. That is what we have here.

Again, Exhibit 5 was a medical record compiled by a physician who examined Sappington within a week of her fall. It contained evidence of the fall, its cause, and its outcome. That is, it revealed that Sappington 1) "tripped and fell on some uneven sidewalk landing on her left side"; 2) "had to drag herself into the home where she could get to an ottoman to help her get up and she called a friend"; 3) "was seen by the next day by Dr. Qubti at Grace Clinic where x-rays were obtained and there was a question regarding a possible fracture of her left shoulder"; and 4) had "[b]ruising and swelling . . . especially adjacent to the left proximal humerus and extending down the arm." The

physician who wrote the report also observed that her "[p]roximal humerus [was] exquisitely tender throughout" and x-rays of her left shoulder depicted "what appears to be a valgus impacted and essentially nondisplaced and nonangulated at least 3 part proximal humerus fracture which looks like it involves not only the complete surgical neck but both the greater and lesser tuberosities as well." Had that report been admitted, the court would have been obligated to both 1) review it in the light most favorable to the nonmovant, i.e., Sappington, and 2) indulge reasonable inferences therefrom in her favor. *Walters v. Cleveland Reg'l Med. Ctr.*, 307 S.W.3d 292, 296 (Tex. 2010) (stating that the summary judgment record must be viewed in the light most favorable to the nonmovant and the court must indulge reasonable inferences and resolve doubts in her favor). One so viewing Exhibit 5 and indulging in reasonable inferences therefrom could reasonably infer that Sappington's encounter with the purportedly defective walkway not only proximately caused her to fall but also to suffer bruising, a bone fracture, and pain. And, most importantly, it was the purported lack of evidence illustrating that the fall caused her to suffer injury that underlay what Clark told the trial court were the four summary judgment grounds at issue.[3] Indeed, Clark conceded that the exhibit contained the evidence he argued was missing; this concession occurred during submission of the appeal via oral argument. Given this, we conclude that the excluded exhibit was crucial to a key issue, and the trial court's decision resulted in harm.[4]

---

[3] Sappington argued in her appellant's brief that Clark had waived the other issues raised in the amended summary judgment motion. Clark agreed that they were waived.

[4] Incidentally, Exhibit 5 being a medical report may well have addressed the hearsay objection levied against it by Clark. *See* TEX. R. EVID. 803(4) (stating that the "following are not excluded by the rule against hearsay . . . [a] statement that: (A) is made for — and is reasonably pertinent to — medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause").

Issue one is sustained.  That relieves us from considering the other issues of Sappington.  Thus, we reverse the summary judgment and remand the cause to the trial court.

Brian Quinn
Chief Justice