**Reversed and Rendered and Majority and Dissenting Opinions filed March 30, 2023.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00232-CV

## HARRIS COUNTY, Appellant

## V.

## BLASA LOPEZ, Appellee

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-69350**

### DISSENTING OPINION

I agree with the majority's conclusion that the trial court erred when it did not dismiss Lopez's negligence claim. I also agree that Lopez was a licensee, and thus, had to demonstrate that Harris County had actual knowledge of the dangerous condition as opposed to constructive knowledge. However, I respectfully dissent from the majority's conclusion that the actual knowledge element necessary to affirm the trial court's order denying the plea to the jurisdiction and motion for

summary judgment as to Lopez's premises-liability claim was not met, and I dissent to this part of the majority opinion. I would conclude that the trial court did not err by denying Harris County's motion for summary judgment and plea to the jurisdiction regarding her premises-liability claim.

The majority concludes that Harris County did not have actual knowledge or awareness that elevator #1 presented an unreasonable risk of harm at the time of the incident. I disagree.

The incident involving Lopez occurred on March 25, 2019. The majority acknowledges that Harris County had received "prior complaints about the elevator getting stuck." The elevator log and online history reports show the elevator's *doors* were stuck—remaining open or closed—three times in the thirty-four days preceding Lopez's incident.

Here, the Amtech elevator log in the record demonstrates that elevator #1: was stuck in the basement on February 19, 2019 and stuck on an unknown floor on March 20, 2019. Additionally, the history reports concerning the repairs and procedures requested on elevator #1 from September 25, 2018, to May 25, 2019, provide that elevator #1 was: (1) not responding to the basement area on October 1, 2018; (2) serviced for "TTUM1 Unintended Moti" and "No Load Safety" on October 6, 2018; (3) serviced for "Cartop Mnt-Trac" on October 11, 2018; (4) serviced for "Car Door Perfor" on October 24, 2018; (5) serviced for "HW Door Lock Sa" on October 24, 2018; (6) serviced for "Door & Op Maint," "Door&Op Cln&Lub," "Door&Op Basic," and "Door&Op Major" on February 11, 2019; (7) stuck on the basement level with the doors open on February 19, 2019; (8) stuck on the first floor with the doors closed on February 20, 2019; (9) serviced for "HW Door Lock Sa" on February 27, 2019; (10) serviced for "Unintended Moti" on February 27, 2019; and (11) stuck with the doors closed on March 20, 2019.

I would conclude that this evidence, viewed in the light most favorable to Lopez, raised an issue of fact as to whether Harris County had actual notice that the doors of the elevators posed an unreasonable risk of harm to its users. *See Univ. of Tex.-Pam Am. v. Aguilar*, 251 S.W.3d 511, 513 (Tex. 2008); *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex. 2004); *Am. Indus. Life Ins. Co. v. Ruvalcaba*, 64 S.W.3d 126, 134 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Mayer v. Willowbrook Plaza Ltd. P'ship*, 278 S.W.3d 901 (Tex. App.—Houston [14th Dist.] 2009, no pet.). In this instance, there is a scintilla of evidence supporting an inference that Harris County had actual knowledge that the doors of the elevator were malfunctioning.

Finally, I disagree with the majority's reliance on *County of El Paso v. Baker*, 579 S.W.3d 686, 694 (Tex. App—El Paso 2019, no pet.) in support of its conclusion. The majority asserts that the *Baker* case concerned a factually similar scenario. In *Baker*, there was specific, uncontroverted evidence that maintenance personnel "was not aware of any problems with the [elevator] doors." *Id.* at 693. However, *Baker* is not compelling authority and is distinguishable from the facts of this case; therefore, the majority's reliance on *Baker* is misplaced. Here, the maintenance and service logs support an inference that County maintenance personnel was aware that the doors of elevator #1 were malfunctioning.

For the foregoing reasons, I respectfully dissent.


/s/     Margaret "Meg" Poissant
         Justice

Panel consists of Justices Wise, Poissant, and Wilson. (Wilson, J., majority).

3