

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00058-CV

| | | |
|---|---|---|
| William J. Kelly; Ariel I. Quiros; and Technotree International, LLC | § | From the 17th District Court |
| | § | of Tarrant County (17-249173-10) |
| | § | November 21, 2012 |
| v. | § | Opinion by Justice Walker |
| Phillip Hinson and Don Siratt | § | Dissent by Justice McCoy |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was error in the trial court's judgment. It is ordered that the judgment of the trial court is reversed, and the case is remanded to the trial court for further proceedings consistent with this opinion.

It is further ordered that appellees Phillip Hinson and Don Siratt shall pay all of the costs of this appeal, for which let execution issue.

SECOND DISTRICT COURT OF APPEALS

By_____
Justice Sue Walker



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00058-CV

WILLIAM J. KELLY; ARIEL I.                                    APPELLANTS
QUIROS; AND TECHNOTREE
INTERNATIONAL, LLC

V.

PHILLIP HINSON AND DON                                       APPELLEES
SIRATT

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellants William J. Kelly; Ariel I. Quiros; and TechnoTree International,
LLC (TTI) claim that the trial court erred by failing to rule on their motion to
compel arbitration prior to granting summary judgment in favor of Appellees
Phillip Hinson and Don Siratt. Because the trial court had a ministerial duty to

rule on Appellants' motion to compel arbitration and had no discretion to refuse to hear or rule on the motion, we will reverse the summary judgment granted for Appellees and remand this case to the trial court for a hearing on Appellants' motion to compel arbitration.

## II. FACTUAL AND PROCEDURAL BACKGROUND

According to allegations in Appellees' original petition, Appellees each invested $130,000 in TTI in 1999 after Appellant Kelly personally guaranteed that Appellees would receive a complete refund of their investments after the end of ten years if they had not already received back the amount of their investments prior to that time from dividends or distributions. In connection with their investments, Appellees received copies of the Regulations and Operating Agreement (the Agreement) for TTI. Section 18.5 of the Agreement states,

> 18.5 Governing Law; Arbitration. The validity and effect of this Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Florida, without regard to any conflict-of-law rule or principle that would give effect to the laws of another jurisdiction. Any dispute, controversy or question of interpretation arising under, out of, in connection with or in relation to this Agreement or any amendments hereof, or any breach or default hereunder, shall be submitted to, and determined and settled by, a three (3) member arbitration panel in accordance with the Commercial Arbitration Rules of the American Arbitration Association, except that nothing contained herein shall prohibit the enforcement of the covenants set forth herein in courts of competent jurisdiction. The place of arbitration shall be Ft. Lauderdale, Florida, and the language to be used in the arbitral proceedings shall be English. Any award rendered in such proceedings shall be final and binding on the parties thereto, and judgment may be entered thereon in any court having jurisdiction thereof. Each of the parties hereby irrevocably submits to the jurisdiction of any arbitration panel sitting in Ft. Lauderdale, Florida. Each party hereby irrevocably

waives, to the fullest extent it may effectively do so, the defense of an inconvenient forum to the maintenance of any arbitration in Ft. Lauderdale, Florida.

In 2010, after allegedly not receiving a refund of their investments in TTI, Appellees filed suit against Appellants in Tarrant County. Appellants, who were not represented by counsel in the trial court, filed a pro se "Declaration In Support of Special Appearance For William J. Kelly, Ariel I. Quiros, And Techno Tree International, LLC And Motion To Dismiss/Compel Arbitration"; Appellants attached a copy of the Agreement and a Membership Certificate that recites that all ownership rights in TTI are "subject to" the Agreement. The prayer in the "Motion To Dismiss/Compel Arbitration" portion of the "Declaration In Support of Special Appearance For William J. Kelly, Ariel I. Quiros, And Techno Tree International, LLC And Motion to Dismiss/Compel Arbitration" states that "[e]ach Defendant respectfully requests . . . [t]hat this matter be compelled to arbitration." The document is signed by Ariel Quiros on behalf of TTI as its "Managing Member."[1]

In the months that followed, Appellants sent three letters to the trial court, urging the court to hold a hearing and to rule on the motion to compel arbitration. Each letter was served on opposing counsel. A February 15, 2011 letter states,

> The matter of the Plaintiff's complaint is subject to agreed upon valid and binding arbitration in the State of Florida. The pending Motion to Compel arbitration is thus potentially dispositive of the entire case.

---

[1]Appellees apparently attribute this signature to only the certificate of conference; Appellants attribute it to the entire document that precedes it.

4

However, to date I have not yet received a ruling on the Motion to Compel *or a notice of hearing on the Cause*. I would appreciate your guidance on how to obtain a ruling on the Motion to Compel Arbitration, which would obviate the need for either preparing a Scheduling Order or trying this case in Your Honor's Court. [Emphasis added.]

A May 23, 2011 letter opens with the following:

Without waiving any defenses, including lack of personal jurisdiction or the application for a limited Special Appearance on the defenses in answer to the above referenced Cause, I write to you today with continued prayer that the Court address and rule on the pending Motion to Compel Arbitration presently before Your Honor. . . . I respectfully request that the court grant the Motion to Compel Arbitration currently filed with your court in this matter, or stay the dates of Paragraph 4 of the Scheduling Order *until the Motion to Compel can be heard in your court*. [Emphasis added.]

While Appellants were attempting to obtain a ruling on their motion to compel arbitration, Appellees moved for summary judgment based on deemed admissions. Appellees gave notice that the summary judgment motion was set for hearing on November 11, 2011, which was four days after the trial setting of November 7, 2011.

Appellants then filed a third letter dated September 19, 2011,[2] which opens like the May 23 letter above, and sets out a timeline of Appellants' continued attempts to obtain a ruling on their motion to compel arbitration. This letter is addressed to both the trial court judge and to the court coordinator and recounts

---

[2]The typewritten date on the letter is September 19, 2011. The "19" is crossed out, and a handwritten number appears above the typewritten date. Because it is not clear whether the handwritten number is "20," "25," "26," or "28," we use the typewritten date for ease of reference.

a conversation between Appellant Kelly and the court coordinator involving Appellants' continued attempts to have the motion to compel arbitration set for a hearing and ruled on by the trial court.  The letter states,

> On August 25th, 2011 Ms. Bentley wrote to me notifying me of an *Order Regarding Trial Setting On November 7, 2011*.  In a subsequent phone call to Ms. Bentley requesting information about the pending Motion to Compel Arbitration, she advised me that I should refer to the Texas Rules of Procedure which require that I have a teleconference with opposing counsel to discuss their intentions regarding the Motion to Compel Arbitration and to report back to her and the court the results of that teleconference.  (I have attached a copy of the Order[.])
>
> I called Plaintiff's counsel's office several times and reached Mr. Romney today to discuss the Motion to Compel Arbitration.  Mr. Romney has agreed that I should report back to Ms. Bentley and the court that we have not been able to reach an agreement regarding the Motion to Compel Arbitration. . . .

The letter concludes with a request that the motion to compel arbitration be granted and that all other motions be stayed until arbitration is completed.

On October 20, 2011, Appellants filed a "Motion for Expedited Telephonic Hearing and to Continue Trial."  The relief prayed for is "a 15 minute telephonic hearing on the motion to compel arbitration and a continuance of the trial date until resolution of the issue of arbitration."  On the same day, Appellees filed a motion for continuance, "respectfully request[ing] that the Court grant the parties a short continuance so that the Court may consider the various matters pending before it [specifically referencing in the previous paragraph that Appellants had several letters to the court that requested certain kinds of relief be granted] as it sees fit."

6

The trial court signed an agreed continuance order, resetting the case for trial for the week of March 5, 2012; ordering the parties to mediate the matter by February 15, 2012; and ordering the parties to be prepared to discuss all aspects of the trial with the trial court on March 1, 2012. Despite the continuance, two weeks later, the trial court signed a final judgment, granting Appellees' motion for summary judgment. Appellants perfected this appeal.

### III. THE TRIAL COURT ABUSED ITS DISCRETION BY FAILING TO SET A HEARING AND RULE ON APPELLANTS' MOTION TO COMPEL ARBITRATION

In their first issue, Appellants argue that the trial court erred by failing to rule on their motion to compel arbitration prior to granting summary judgment for Appellees. Appellees argue that the trial court was not required to rule because Appellants "did not request a hearing, or object to any perceived refusal by the trial court to rule"; Appellants did not raise the failure to rule on the motion to compel arbitration in a response to Appellees' motion for summary judgment; and the motion to compel arbitration is not signed by an attorney so it is void ab initio.

When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon the motion is a ministerial act. *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding); *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding); *In re Banc of Am. Inv. Servs., Inc.*, No. 02-04-00272-CV, 2004 WL 2416561, at *2 (Tex. App.—Fort Worth Oct. 28, 2004, orig. proceeding) (mem. op.). The trial court has no discretion to refuse to hear

7

and rule on a properly filed, pending motion because a refusal to timely rule on a motion frustrates the judicial system and constitutes a denial of due course of law. *In re Ramirez*, 994 S.W.2d 682, 683–84 (Tex. App.—San Antonio 1998, orig. proceeding). This requirement does not interfere with the trial court's discretion because a trial court has no discretion to refuse to rule. *See id.* at 684. The trial court, however, retains discretion to determine how to rule.[3] *Womack v. Berry*, 156 Tex. 44, 49, 291 S.W.2d 677, 682 (1956) (orig. proceeding); *Ramirez*, 994 S.W.2d at 684.

Both Texas and federal law strongly favor arbitration. *See, e.g.*, *In re Rubiola*, 334 S.W.3d 220, 225 (Tex. 2011) (orig. proceeding). Because the benefits of arbitration lie in expedited and less expensive disposition of a dispute, a trial court should rule expeditiously on a motion to compel arbitration. *See, e.g.*, *In re Shredder Co.*, 225 S.W.3d at 679; *In re MHI P'ship, Ltd.*, 7 S.W.3d 918, 921–22 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding). If the arbitration agreement is enforceable, it is inappropriate for the case to remain in the trial court. *See Pepe Int'l Dev. Co. v. Pub Brewing Co.*, 915 S.W.2d 925, 929 (Tex. App.—Houston [1st Dist.] 1996, orig. proceeding).

The appellate record before us establishes the following facts. The first document filed by Appellants—on December 3, 2010—was their "Declaration In Support of Special Appearance For William J. Kelly, Ariel I. Quiros, And Techno

---

[3]Accordingly, we express no opinion on the merits of Appellants' motion to compel arbitration.

Tree International, LLC And Motion To Dismiss/Compel Arbitration." The Agreement and the arbitration clause at issue were specifically identified in the motion, and a copy of the Agreement containing the arbitration clause was attached to the motion. During the next eleven months, Appellants repeatedly requested a hearing and a ruling on the arbitration motion; Appellants mailed three letters to the trial court requesting a ruling or a hearing on their motion to compel arbitration, served opposing counsel with copies of the letters, sent in a certificate of conference indicating that Appellees did not agree with the motion to compel arbitration, and filed a motion for a telephonic hearing on their motion to compel arbitration. Appellants communicated via telephone with the court coordinator in an effort to set a hearing on their motion. We hold that the trial court had a ministerial duty to set Appellants' motion for arbitration for a hearing and to rule on it. *See Safety-Kleen Corp.*, 945 S.W.2d at 269 (holding that trial court abused its discretion by refusing to set motion for a hearing after relator requested that court coordinator set hearing); *In re MHI P'ship, Ltd.*, 7 S.W.3d at 921–22 (holding that trial court abused its discretion by deferring ruling on arbitration motion until after discovery was complete); *In re Reeves Cnty.*, No. 08-09-00227-CV, 2009 WL 2623355, at *2 (Tex. App.—El Paso 2009, orig. proceeding) (mem. op.) (holding that trial court abused its discretion by failing to rule on arbitration motion despite three letters requesting ruling); *In re Banc of Am. Inv. Servs., Inc.*, 2004 WL 2416561, at *2 (holding that trial court possessed

9

ministerial duty to rule on arbitration motion that had been pending for five months).

Appellees' contention that Appellants "did not request a hearing, or object to any perceived refusal by the trial court to rule" is not supported by the record before us. As set forth above, Appellants' letters requested a ruling and a hearing, and ultimately Appellants filed a motion explicitly requesting a fifteen-minute telephonic hearing on their motion to compel arbitration.[4]

Appellees' contention that Appellants waived their right to a ruling on their motion to compel arbitration by failing to file a response to Appellees' motion for summary judgment is not supported by case law. The only case Appellees cite in support of this proposition is *Devine v. Am. Express Centurion Bank*, No. 09-10-00166-CV, 2011 WL 2732583 (Tex. App.—Beaumont 2011, no pet.) (mem. op.). In *Devine*, the appellant did not file a motion to compel arbitration until after the trial court had already granted summary judgment. *Id.* at *2. The appellate court explained that "[g]enerally a party may not choose to litigate, and then when dissatisfied with the result, ask for arbitration." *Id.* Here, the very first

---

[4]Appellees point to comments made on the record at the motion for new trial hearing by the trial court indicating that Appellants did not do what they needed to do to get a hearing; specifically, the trial court stated that Appellants had failed to get a certificate of conference on their motion to compel and had failed to request a hearing on the motion to compel. But, as set forth above, the record reflects that Appellants did obtain a certificate of conference and did, on multiple occasions, request a hearing. Appellees have not cited any rules of civil procedure or any local court rules that they contend Appellants did not comply with.

10

document filed by Appellants at the outset of the lawsuit included a motion to compel arbitration; the motion was filed over eleven months before the summary judgment was signed. Thus, the rationale underlying the holding in the *Devine* case, in which arbitration was sought for the first time after a summary judgment was signed, is not applicable here. *See id.*

And, finally, Appellees' contention that Appellants' motion to compel arbitration is void ab initio because it is not signed by an attorney fails. The motion was signed by Ariel Quiros, a nonlawyer, managing member of TTI. Appellees neither objected in the trial court to the pro se status of the motion to compel arbitration nor filed a motion requesting that Quiros show authority to proceed on behalf of TTI. *See* Tex. R. Civ. P. 12. A document filed in court by a nonlawyer purportedly on behalf of a corporation is defective but not void and may be effective for certain purposes. *Kunstoplast of Am., Inc. v. Formosa Plastics Corp., USA*, 937 S.W.2d 455, 456 (Tex. 1996) (holding that nonlawyer corporate officer could perfect appeal for corporation); *Rabb Int'l, Inc. v. SHL Thai Food Serv., LLC*, 346 S.W.3d 208, 209–10 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding that motion for new trial filed by nonlawyer was not void and was effective to extend deadline to perfect an appeal); *Guadalupe Econ. Serv. Corp. v. Dehoyos,* 183 S.W.3d 712, 715–16 (Tex. App.—Austin 2005, no pet.) (holding that answer purportedly filed on behalf of corporation by nonlawyer, though defective, still prevents the trial court from granting a default judgment); *Home Sav. of Am. FSB v. Harris Cnty. Water Control & Improvement Dist.*, 928

S.W.2d 217, 219 (Tex. App.—Houston [14th Dist.] 1996, no writ) (same). Thus, Appellants' motion to compel arbitration—signed by a nonlawyer, managing member of TTI—was not void ab initio, and its unobjected-to, pro se status did not excuse the trial court from performing the ministerial duties of setting the motion for a hearing and ruling on it.[5]

Because the trial court failed to set a hearing and failed to rule on Appellants' properly-filed, pending motion to compel arbitration, we sustain Appellants' first issue. [6]

## IV. CONCLUSION

Having sustained Appellants' first issue, we reverse the summary judgment granted in favor of Appellees without regard to the merits. *See* Tex. R. App. P. 43.2(d). We remand the case to the trial court for a hearing on the motion to compel arbitration and for further proceedings.

---

[5]Moreover, according to the prayer set forth in the motion to compel arbitration, both Kelly and Quiros individually sought arbitration; they clearly possess the right to proceed pro se on the motion to compel arbitration.

[6]Because Appellants' first issue is dispositive of this appeal, we need not address Appellants' remaining issues. *See* Tex. R. App. 47.1 (requiring appellate court to address only issues necessary to final disposition of the appeal).

12

SUE WALKER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

MCCOY, J., filed a dissenting opinion.

DELIVERED:  November 21, 2012



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00058-CV

WILLIAM J. KELLY; ARIEL I.                                    APPELLANTS
QUIROS; AND TECHNOTREE
INTERNATIONAL, LLC

V.

PHILLIP HINSON AND DON                                        APPELLEES
SIRATT

----------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

----------

## DISSENTING OPINION

----------

I respectfully dissent. As succinctly put by Appellees in their briefing, "Appellants have not cited a single Texas case, and [a]ppellees have found none, in which a party who responded to nothing, appeared for nothing, and objected to nothing was entitled to any relief on appeal."

A procedural review of the case shows that Appellants filed an unsworn special appearance and obtained no hearing or ruling. An unsigned "Motion to Compel Arbitration/Dismiss, [or] Alternatively to Stay" was filed. Appellants failed to respond to Requests for Admissions. Appellants failed to respond to a traditional motion for summary judgment. Appellants did not appear at the hearing on this latter motion.

On February 15, 2011, Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. On May 23, 2011, Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. In September, 2011,[1] Appellant Kelly wrote to the court concerning the motion to compel arbitration and did not request a hearing. Finally, on October 20, 2011, Appellant Kelly (who could not represent Appellant Technotree) filed a "Motion for Expedited Telephonic Hearing and to Continue Trial." After Appellants retained counsel for their motion for new trial, an obviously exasperated trial court judge recounted as follows,

> The document I was trying to show you [counsel] was her [the court coordinator's] e-mail that we have informed Mr. Kelly, on multiple occasions, what he needs to do to get a matter set before this Court. It includes having a certificate of conference and requesting a hearing. And for whatever reason, my recollection is, *Mr. Kelly just simply refused to follow those requests*, both verbal and certainly, even by e-mail.

---

[1] As noted by the majority, it is unclear exactly what day the handwritten date represents.

2

My point of showing it to you was, I, frankly, wanted you to know, as Mr. Kelly's counsel, that our Court has bent over backwards to make sure that he had a clear understanding of how to have his day in court, and for whatever reason, *he never chose to appear or participate in the process*.

. . . [B]ut you do need to know that that is my belief in this case, that he would continue to write letters requesting a setting or a hearing, but he would never follow it through. He would never get the certificate of conference and call the Court get it set on the Court's docket.

I'm just—in my mind, he's a pro se litigant. He is trying to figure out the Court system and how does he get something set. And to be candid, my frustration, in a sense, that I know that *our staff has bent over backwards to make sure he understands.* So he continues to write letters complaining how he can't get a hearing or whatever the letters say. They speak for themselves, but the fact is, is that *we've told him what he needs to do, and he just simply doesn't do it.*

So I was aware of Mr. Kelly's request, and that is why, as I pointed out earlier, we've tried to make every effort to simply get him to follow the rules to get the matter set. And with respect to a motion [to] compel arbitration, that has not been before me.

. . . [I]t's my belief that the Court did everything within its power to try to inform Mr. Kelly of the procedures to get the motion set. And frankly, the way—I believe as Ms. Webre stated, with respect to the rules of the Supreme Court on how this Court construes arbitration, it was surprising to me that if he really wanted the motion to compel arbitration set, why he didn't go through the motions and get the matter set on the Court's docket so the Court could, in fact, rule on that particular motion? [Emphasis added.]

I cannot find that the trial court abused its discretion under the circumstances and would affirm the judgment of the trial court.

BOB MCCOY
JUSTICE

DELIVERED: November 21, 2012

3