

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-25-00163-CV

———————————————

ALPHA THIRTY, LLC, Appellant

V.

ARLINGTON AVENUES, LLC, AS ASSIGNEE OF 430 PCC, LLC, Appellee

―――――――――――――――――――――――――――――――――

On Appeal from the 342nd District Court
Tarrant County, Texas
Trial Court No. 342-353144-24

―――――――――――――――――――――――――――――――――

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

# MEMORANDUM OPINION

## I. INTRODUCTION

Following Appellant Alpha Thirty, LLC's failure to pay an arbitrator's final award in favor of Appellee Arlington Avenues, LLC, Appellee filed a petition in the trial court to confirm the award and sought entry of a final judgment against Appellant. Appellee filed a motion for summary judgment to confirm the award, and Appellant filed a motion to vacate the award. Appellee set a hearing on its summary-judgment motion, but Appellant neither set a hearing on its motion to vacate in the trial court nor responded to Appellee's motion for summary judgment.

The night before the hearing on Appellee's summary-judgment motion, Appellant moved to continue the hearing so that its motion to vacate could be heard first, or alternatively, so that it could timely respond to the summary-judgment motion. The trial court denied Appellant's motion for continuance and granted Appellee's motion for summary judgment.

In two issues, Appellant contends that the trial court (1) abused its discretion by denying its motion for continuance and (2) erred by granting Appellee's motion for summary judgment. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, Appellant and Appellee entered into a commercial contract that included an agreement to arbitrate any future dispute. The following year, a dispute arose between the parties, and arbitration commenced.

2

On May 16, 2024—after a two-day arbitration hearing[1]—the arbitrator signed a final award,[2] requiring Appellant to pay Appellee actual damages and attorney's fees on or before ten days from the date of the award. That same day, Appellee's attorney provided Appellant's attorney with written payment instructions. Ten days passed, Appellant did not make payment, and the following events transpired.

- **May 29, 2024:** Appellee filed a petition in the 67th District Court to confirm the arbitration award and requested the trial court to confirm the final award and enter a final judgment against Appellant.

- **May 31, 2024:** Appellee served Appellant with citation and the petition.

- **June 24, 2024:** Appellant's answer was due. *See* Tex. R. Civ. P. 99(c). No answer was filed.

- **July 15, 2024:** Appellee moved for default judgment. Approximately two hours later, Appellant filed its answer.

---

[1]A court reporter was not present at the hearing; consequently, there is no transcript of the testimony.

[2]The arbitrator's final award incorporated by reference the findings contained in an April 2024 amended interim award.

- **August 7, 2024:** Appellee filed a motion for traditional summary judgment to confirm the arbitration award. A few hours later, Appellant filed a motion to vacate the arbitration award.[3]

- **August 12, 2024:** Appellee set a hearing on its summary-judgment motion for October 17, 2024, in the 67th District Court.[4]

- **October 17, 2024:** Appellant set a hearing on its motion to vacate for December 13, 2024, in the 67th District Court.

- **October 21, 2024:** The 67th District Court rescheduled the hearing on Appellee's summary-judgment motion from October 17, 2024, to December 13, 2024.[5]

- **October 25, 2024:** Appellee served Appellant with requests for admission and requested Appellant to admit, among other things, that (1) the final award was a true and correct copy of the final award from arbitration, (2) the letter from Appellee's attorney to Appellant's attorney with payment instructions was a true and correct copy, and (3) Appellant had not paid in whole or in part the final award.

---

[3]The motion to vacate alleged that the "arbitrator (1) decided a matter not properly before [her] (2) in a manifest disregard for the law."

[4]Appellant's response to Appellee's summary-judgment motion was due October 10, 2024. *See* Tex. R. Civ. P. 166a(c). No response was filed.

[5]Appellant's response to Appellee's summary-judgment motion was due December 6, 2024. *See id.* No response was filed.

4

- **November 25, 2024:** Appellant's response to Appellee's request for admissions was due. *See* Tex. R. Civ. P. 198.2. No response was filed, and the requests were deemed admitted. *See* Tex. R. Civ. P. 198.2(c).

- **December 4–11, 2024:** The presiding judge of the 67th District Court recused himself, and the regional presiding judge transferred the case to the 342nd District Court. The December 13, 2024 hearing on Appellant's motion to vacate and Appellee's motion for summary judgment in the 67th District Court was cancelled.

- **December 23, 2024:** Appellee set a hearing on its summary-judgment motion in the 342nd District Court for January 16, 2025, and served Appellant with notice of the hearing.

- **December 26, 2024:** Appellee filed supplemental evidence in support of its summary-judgment motion—Appellant's deemed admissions from November 25, 2024.

- **January 9, 2025:** Appellant's response to Appellee's summary-judgment motion was due. *See* Tex. R. Civ. P. 166a(c). No response was filed.

- **January 15, 2025:** At 11:55 p.m., Appellant moved to continue the January 16 hearing so that its motion to vacate could be heard first, or alternatively, moved in opposition to the summary-judgment motion and requested leave to supplement. Appellant's opposition motion contained various objections to Appellee's summary-judgment evidence, including that the exhibits contained hearsay

5

and were unauthenticated. Appellant also moved to withdraw the deemed admissions, contending that it had failed to timely serve responses because of its attorney's personnel transitions that "inadvertently impacted proper calendaring."

- **January 16, 2025:** The presiding judge of the 342nd District Court heard Appellee's summary-judgment motion. At the hearing, Appellant urged its motion for continuance, but the trial court reasoned, "You had notice of the hearing on 12/23. So you've had three weeks to file . . . any kind of motion for continuance of this case. I'm not going to grant an emergency motion for continuance." The trial court explained that it could not hear Appellant's motion to vacate because Appellant had failed to set the motion for a hearing. The trial court inquired whether Appellant had responded to Appellee's summary-judgment motion, and after it reviewed the court's file, it noted, "[T]here's no response." Appellant did not orally object to Appellee's summary-judgment evidence, obtain a ruling on its written objections, or argue that a fact issue precluded summary judgment. The trial court granted Appellee's motion, finding that "after examining [Appellee's] Motion and the admissible summary[-]judgment evidence, [Appellee] is entitled to a final judgment against [Appellant] on its cause of action to confirm the arbitration award."

- **February 18, 2025**: Appellant moved for a new summary-judgment hearing and a hearing on its motion to vacate or modify the judgment.

- **March 3, 2025:** Appellee responded to Appellant's motion and argued that Appellant (1) was making the same arguments that it had made in arbitration and (2) never set a hearing in the 342nd District Court on its motion to vacate before the trial court granted summary judgment.

- **March 6, 2025:** The trial court heard Appellant's motion for new summary-judgment hearing and motion to modify judgment. At the hearing, Appellant conceded that its motion to vacate had not been set since December 11, 2024—the date that the case was transferred to the 342nd District Court. Appellant also conceded that its motion for continuance had not been filed until the day before the summary-judgment hearing. The trial court explained that Appellant's motion to vacate was not a response to Appellee's motion for summary judgment, and it denied Appellant's motion to modify the judgment.

Appellant filed this appeal.

## III. DISCUSSION

In two issues, Appellant argues that the trial court (1) abused its discretion by denying its motion for continuance and (2) erred by granting Appellee's motion for summary judgment. For ease of discussion, we will discuss Appellant's issues out of order.

## A.  Appellee's Motion for Summary Judgment

In its second issue, Appellant argues that the trial court erred by granting Appellee's motion for summary judgment to confirm the arbitration award.  Appellant contends that (1) Appellee's summary-judgment evidence was improper, (2) the motion to vacate was a response to summary judgment, and (3) the trial court should have first heard Appellant's motion to vacate.  Because Appellant waived its objections to Appellee's summary-judgment evidence, and because Appellant's motion to vacate was not pending before the trial court for its consideration when it granted summary judgment, we disagree.

### 1.  Standard of Review and Applicable Law

Under the Texas General Arbitration Act (the Act), Tex. Civ. Prac. & Rem. Code Ann. §§ 171.001–171.098, a trial court may enter several types of orders in connection with an arbitration proceeding, including orders to confirm, vacate, or modify an arbitration award.  *Id.* §§ 171.082, 171.086(b)(6).  But because judicial review of arbitration awards "adds expense and delay, thereby diminishing the benefits of arbitration as an efficient, economical system for resolving disputes," such review should be limited and expeditious.  *CVN Group, Inc. v. Delgado*, 95 S.W.3d 234, 238 (Tex. 2002).  Upon application by a party, the trial court must confirm an arbitration award unless the other party offers grounds for vacating, modifying, or correcting the award.  Tex. Civ. Prac. & Rem. Code Ann. § 171.087.  Once the trial

8

court enters an order confirming, modifying, or correcting an arbitration award, the court must enter a judgment conforming to the order. *Id.* § 171.092.

An application under the Act is heard in the same manner and on the same notice as a motion in a civil case. *Id.* § 171.093. Thus, applications to confirm or vacate an arbitration award should be decided as other motions in civil cases—on notice and an evidentiary hearing if necessary. *Mariner Fin. Group, Inc. v. Bossley*, 79 S.W.3d 30, 32 (Tex. 2002). Summary-judgment motions are not required for a trial court to confirm, modify, or vacate an arbitration award. *See id.* However, if a party chooses to follow summary-judgment procedure rather than the simple motion procedure authorized by the Act, the party assumes the traditional burdens and requirements of summary-judgment practice. *See id.*; Tex. R. Civ. P. 166a.

The standard of review applicable to a judgment confirming an award under the Act depends on the nature of the proceedings utilized by the trial court. *See Mariner Fin. Group, Inc.*, 79 S.W.3d at 35 (affirming court of appeals judgment applying summary judgment standard of review to judgment obtained by summary judgment). Thus, we review a traditional summary judgment confirming an arbitration award using the standards of review applicable to traditional summary judgments. *See id.*; *Eurocapital Group, Ltd. v. Goldman Sachs & Co.*, 17 S.W.3d 426, 429–30 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (applying summary judgment standards in appeal of summary judgment confirming an arbitration award); *see also Teleometrics Int'l, Inc. v. Hall*, 922 S.W.2d 189, 193 (Tex. App.—Houston [1st Dist.] 1995, writ denied)

9

(summary judgment standard of review inapplicable to judgment based on motion to confirm arbitration award).

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). A plaintiff is entitled to summary judgment on a cause of action if it conclusively proves all essential elements of the claim. *See* Tex. R. Civ. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986).

## 2. Appellee's Summary-Judgment Evidence

Appellee sought to confirm the arbitration award through summary judgment and thus had the burden to show that it was entitled to judgment as a matter of law and that there were no genuine issues of material fact. *See* Tex. R. Civ. P. 166a(c); *Crossmark, Inc. v. Hazar*, 124 S.W.3d 422, 431 (Tex. App.—Dallas 2004, pet. denied).

In support of its motion, Appellee attached several exhibits, including the contract's arbitration agreement, the arbitrator's final award, a letter from Appellee's attorney to Appellant's attorney with payment instructions, and an affidavit from Appellee's attorney that Appellant had not made payment. Appellee then filed

10

supplemental evidence in support of its summary-judgment motion—Appellant's deemed admissions,[6] which included admissions that (1) the final award was a true and correct copy of the final award from arbitration, (2) the letter Appellee's attorney sent to Appellant's attorney was a true and correct copy, and (3) Appellant had not paid in whole or in part the final award.

On January 9, 2025, Appellant's response to Appellee's summary-judgment motion was due. *See* Tex. R. Civ. P. 166a(c). Appellant did not respond. At the hearing on January 16, 2025, Appellant did not obtain a ruling on its objections to Appellee's summary-judgment evidence, request the trial court to take judicial notice of the court's file, or otherwise suggest that a fact issue precluded summary judgment. "[A]fter examining [Appellee's] Motion and the admissible summary[-]judgment evidence," the trial court found that Appellee was "entitled to a final judgment against [Appellant] on its cause of action to confirm the arbitration award."

### 3. Appellant's Objections to Appellee's Summary-Judgment Evidence

In its "Verified Emergency Motion to Continue January 16, 2025, Hearing on Plaintiff's Traditional MSJ, or Alternative Response in Opposition and Request for

---

[6]Twenty-two days after Appellant's responses were deemed admitted—and less than twenty-four hours before the hearing on Appellee's motion for summary judgment—Appellant moved to withdraw its deemed admissions. Much like its motion to vacate, beyond merely filing a motion to withdraw the deemed admissions, Appellant did not urge its motion or obtain a ruling from the trial court. In any event, Appellant does not complain on appeal of the trial court's failure to permit Appellant to withdraw its deemed admissions.

11

Leave to Supplement"—filed the night before the summary-judgment hearing[7]—Appellant objected to Appellee's summary-judgment evidence—the affidavit from Appellee's attorney, the arbitration agreement, and the final award—arguing that the exhibits (1) contain hearsay and (2) are unauthenticated.[8]

That said, because its hearsay objection went to the form of Appellee's summary-judgment evidence, Appellant needed to obtain a ruling on its objection to preserve the issue for appellate review. *See Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, 166 (Tex. 2018) (recognizing that if a party fails to obtain a ruling on an objection to the form of its opponent's summary-judgment evidence, the issue is waived for appellate review, and the evidence remains part of the summary-judgment proof); *see also Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 225 (Tex. App.—El Paso 2002, no pet.) (holding that issues relating to form defects in summary-judgment evidence must be

---

[7]Rule 166a(c) of the Texas Rules of Civil Procedure requires the non-moving party in a summary-judgment proceeding to file and serve "opposing affidavits or other written response" not later than seven days before the day of the hearing, yet the filing of an objection to a movant's summary-judgment evidence is "not the same as a summary[-]judgment response." *See Aerobic Maint. & Serv., Inc. v. First United Bank & Tr. Co.*, No. 02-08-232-CV, 2009 WL 1425179, at *3, 5 (Tex. App.—Fort Worth May 21, 2009, no pet.) (mem. op.). Thus "objections to the form of summary[-]judgment proof," which include objections based on hearsay and authentication, may be raised at "any time before the judgment is rendered." *Id.* at *5; *see also Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380–81 (Tex. 1978) (recognizing that a nonmovant may object to defects in the form of summary-judgment evidence at any time before judgment is rendered). Thus, Appellant's objections to the evidence were timely filed.

[8]Appellant did not orally raise either of these objections at the January 16 hearing.

preserved by both an objection and a ruling in the trial court); *Cnty. of El Paso v. Baker*, 579 S.W.3d 686, 694 (Tex. App.—El Paso 2019, no pet.) (recognizing that a hearsay objection is one of form). The trial court's ruling may be either in writing or in the form of the "trial court's on-the-record, unequivocal oral ruling" on the objection.[9] *See FieldTurf USA, Inc. v. Pleasant Grove Indep. Sch. Dist.*, 642 S.W.3d 829, 838 (Tex. 2022).

Indeed, by way of its written filing, Appellant objected to Appellee's summary-judgment exhibits as hearsay, but it neither requested nor obtained a written or an "on-the-record" ruling on the objection. Appellant therefore failed to preserve its hearsay complaint for our review. *See Baker*, 579 S.W.3d at 694 (appellant's hearsay arguments were waived when trial court never ruled on its objection).

Like hearsay, a party must also obtain a ruling on authentication objections to preserve appellate review. *See Aerobic Maint. & Serv., Inc.*, 2009 WL 1425179, at *5 n.7 (recognizing that both hearsay and authentication objections to a movant's summary-judgment proof are objections about the form rather than the substance of the evidence); *Adi v. Prudential Prop. & Cas. Ins. Co.*, No. 14-01-01001-CV, 2003 WL 22908129, at *3 (Tex. App.—Houston [14th Dist.] Dec. 11, 2003, pet. denied) (mem. op.) (recognizing that both hearsay objections and objections to the authentication of

---

[9]The Supreme Court held in *Seim* that an order granting a party's motion for summary judgment does not in itself clearly imply a ruling sustaining or overruling the party's objections to summary-judgment evidence. 551 S.W.3d at 165.

13

evidence are both defects of form, and that both objections are waived by a party's failure to secure rulings on them) (citing *Rogers v. Cont'l Airlines, Inc.*, 41 S.W.3d 196, 200 (Tex. App.—Houston [14th Dist.] 2001, no pet.)).

In the same way, Appellant objected to Appellee's summary-judgment exhibits as unauthenticated, but it neither requested nor obtained a written or an "on-the-record" ruling on the objection. We likewise conclude that Appellant failed to preserve its authentication complaint for our review.[10] *See Baker*, 579 S.W.3d at 694. Accordingly, Appellant waived its hearsay and authentication objections by failing to secure a ruling from the trial court on either objection. *See id.*

### 4. Appellant's Motion to Vacate

Alternatively, Appellant attempts to use its motion to vacate as a vehicle to preclude summary judgment by arguing that (1) the motion to vacate was a response

---

[10]Appellant takes issue with the deemed admissions, and without reaching the merits of its evidentiary complaints, we note that "[d]eemed admissions are competent summary[-]judgment evidence." *Willowbrook Foods, Inc. v. Grinnell Corp.*, 147 S.W.3d 492, 502 (Tex. App.—San Antonio 2004, pet. denied.). Unanswered requests for admissions are automatically deemed admitted, unless the trial court on motion permits their withdrawal or amendment. *See* Tex. R. Civ. P. 198.1–.3; *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989). Here, the trial court permitted no such withdrawal or amendment.

Appellant contends that the deemed admissions "were improper and had merits-preclusive effects." Yet the Supreme Court has explained that requests for admission are permissible and useful when "addressing uncontroverted matters or evidentiary ones like *the authenticity or admissibility of documents*." *Wheeler v. Green*, 157 S.W.3d 439, 443 (Tex. 2005) (emphasis added). Here, one such requested (and deemed) admission was the authenticity of a document—the arbitrator's final award's.

14

to Appellee's summary-judgment motion or (2) the trial court should have heard Appellant's motion to vacate before Appellee's summary-judgment motion.

First, Appellant asserts that the trial court should have construed its motion to vacate as a response to Appellee's summary-judgment motion. But that position is contrary to the argument it made below. Appellant explained to the trial court that one of the reasons it needed a continuance was so that it could timely respond to Appellee's summary-judgment motion—not that the motion to vacate was itself a response to summary judgment. Moreover, the trial court pointedly asked Appellant, "And [the motion to vacate] should have been equal to the response to the summary judgment? Is that what you're saying?" Appellant responded, "No, Your Honor." The trial court went on to reason that "[the motion to vacate] wouldn't equal a summary[-]judgment response" and that no response had been filed. Because Appellant's argument is inconsistent with the one presented to the trial court, and because it has cited no authority for the proposition that an unpresented motion to vacate is equivalent to a summary-judgment response, we do not construe its motion to vacate as a response to Appellee's motion for summary judgment.

Second, Appellant maintains that the trial court should have heard its motion to vacate prior to or at the same time it heard Appellee's motion for summary judgment. But because of Appellant's own inaction, its motion to vacate was never presented to the trial court for consideration—and thus no grounds to vacate the arbitration award were offered—before the trial court granted summary judgment.

15

"Generally, the movant on a motion has the burden to set a hearing on the motion." *Child Support 2 Collect, Inc. v. Anz*, No. 05-20-00165-CV, 2022 WL 908948, at *4 (Tex. App.—Dallas Mar. 29, 2022, no pet.) (mem. op. on reh'g) (citing *Enriquez v. Livingston*, 400 S.W.3d 610, 619 (Tex. App.—Austin 2013, pet. denied) (op. on reh'g). The language of Section 171.093 does not statutorily oblige the trial court to automatically set hearings on motions to vacate arbitration awards. *See* Tex. Civ. Prac. & Rem. Code Ann. § 171.093. While the statute states that trial courts "shall hear" applications, *see id.*, this directive is best understood as requiring a trial court to consider and rule upon properly presented motions rather than mandating the automatic scheduling of hearings. This concept is well-illustrated in *Heilmann v. Heilmann*. No. 04-18-00849-CV, 2020 WL 6293446, at *3 (Tex. App.—San Antonio Oct. 28, 2020, no pet.) (mem. op.).

In that case, the court explained that

> [a]lthough Heilmann filed a motion to vacate the same day as the hearing, the record indicates Heilmann did not set his motion for a hearing. *See In re Amaro*, No. 13–17–00185–CV, 2017 WL 2979903, at *5 (Tex. App.—Corpus Christi July 11, 2017, orig. proceeding) (mem. op.) (noting " 'movant has the burden to set a hearing on [a] motion or make a direct request to a trial judge for a hearing' ") (quoting *Enriquez v. Livingston*, 400 S.W.3d 610, 619-20 (Tex. App.—Austin 2013, pet. denied)); *see also Doss v. Robinson*, No. 04–16–00560–CV, 2017 WL 2124488, at *3 (Tex. App.—San Antonio May 17, 2017, no pet.) (mem. op.) (noting the burden is on the party to set a motion for a hearing). Until a party requests a setting, a motion is not "pending before the court for its consideration." *See Hamm*, 178 S.W.3d at 262.

*Id.*

16

In light of this burden, Appellant contends that it "diligently sought to have its motion to vacate heard" and that "[i]t is an abuse of discretion to decline to continue a hearing so that a motion to vacate that is properly before the court may be decided." In support of this contention, Appellant relies on our holding in *Kelly v. Hinson*, but the facts in that case are distinguishable from those in this appeal. 387 S.W.3d 906, 911 (Tex. App.—Fort Worth 2012, pet. denied).

In *Kelly*, the appellants moved to compel arbitration, and the appellees moved for summary judgment. *Id.*

> During the next eleven months, [appellants] repeatedly requested a hearing and a ruling on the arbitration motion; [appellants] mailed three letters to the trial court requesting a ruling or a hearing on their motion to compel arbitration, served opposing counsel with copies of the letters, sent in a certificate of conference indicating that [appellees] did not agree with the motion to compel arbitration, and filed a motion for a telephonic hearing on their motion to compel arbitration. [Appellants] communicated via telephone with the court coordinator in an effort to set a hearing on their motion.

*Id.*

But rather than set the appellants' motion for a hearing or make a ruling on it, the trial court signed an order granting the appellees' motion for summary judgment *Id.* We held that the trial court abused its discretion because it had a ministerial duty to set the appellants' motion for a hearing or to rule on it. *Id.* In *Kelly*, the appellants thrice requested a hearing or ruling on their motion. *Id.* Here, no such circumstances exist. Appellant's contention that it "diligently sought to have its motion to vacate heard" is not supported by the record.

17

Appellant filed its motion to vacate on August 7, 2024, in the 67th District Court. Appellant set a hearing on its motion to vacate for December 13, 2024, in the 67th District Court, and Appellee's motion for summary judgment was set for a hearing on the same day. However, due to the trial judge's recusal, the case was transferred from the 67th District Court to the 342nd District Court on December 11, 2024, and both hearings were canceled.

Following the case's transfer to the 342nd District Court, from December 11, 2024, to January 15, 2025, Appellant took no action whatsoever on its motion to vacate. Meanwhile, Appellee set a hearing on its summary-judgment motion in the 342nd District Court for January 16, 2025, and provided notice of that hearing to Appellant on December 23, 2024. During that time, Appellant did not file any responses or motions nor did it request a hearing on its motion to vacate. Yet despite knowing that Appellee intended to proceed on its summary-judgment motion on January 16, 2025, Appellant took no action to present its motion to vacate, thus distinguishing itself from the diligence demonstrated by the appellants in *Kelly*. Indeed, a trial court has no discretion to refuse to hear and rule on a pending motion, but there must be a motion for it to rule on, and here, there was no such pending motion. *See id.*

Alternatively, Appellant ascribes fault to the trial-court clerk for its inability to set a hearing on its motion, claiming that "the clerk failed to set Appellant's motion upon request." And just as the trial court did at the January 16 hearing, we reject that

18

argument. The record shows that Appellant contacted the trial court and attempted to set a hearing on its motion to vacate, but it did not do so until January 16, 2025—the day of the hearing on Appellee's summary-judgment motion.[11] It was Appellant's own inaction—not the trial court—that caused its motion to not be heard. The first and only time Appellant attempted to present its motion to vacate to the 342nd District Court for consideration was January 16, 2025. And although Appellant filed a motion to vacate prior to the hearing on Appellee's summary-judgment motion, the record is clear that Appellant failed to present its motion to the trial court by setting it for a hearing or requesting a ruling.[12] *See In re Amaro*, No. 13-17-00185-CV, 2017 WL 2979903, at *5 (Tex. App.—Corpus Christi–Edinburg July 11, 2017, orig. proceeding) (mem. op.) (noting "movant has the burden to set a hearing on [a] motion or make a direct request to a trial judge for a hearing") (quoting *Enriquez*, 400 S.W.3d at 619–20).

A "party's motion to confirm the award 'puts the other party to [its] objections' to the award then and there" and "the party opposing the award may not 'idly stand by, allow the award to be confirmed and judgment thereon entered.'" *See Hamm v.*

---

[11]We note that the trial court rightly pointed out that Appellant's last-minute scheduling attempt did not comport with Rule 21(b) of the Texas Rules of Civil Procedure—that notice "must be served upon all other parties not less than three days before the time specified for the court proceeding." *See* Tex. R. Civ. P. 21(b). Appellant's endeavor to have its motion to vacate heard without serving three days' notice upon Appellee lacked conformity with Rule 21(b). *See id.*

[12]Appellant conceded this point at the hearing, stating "we totally understand it that it was our fault that we made the mistake that the motion to vacate didn't get set."

*Millennium Income Fund, L.L.C.*, 178 S.W.3d 256, 264–65 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). "[A] party must assert a motion to vacate, modify, or correct an arbitration award by the time the [trial] court considers a motion to confirm the award." *Heilmann*, 2020 WL 6293446, at *2. Here, the summary-judgment motion put Appellant on notice that Appellee intended to confirm the arbitration award, but beyond filing a motion to vacate, Appellant idly stood by and did not assert its motion to vacate. *See id.* Because there is no indication in the record that Appellant attempted to schedule—prior to the January 16 setting—its motion to vacate for a hearing or otherwise directly notify the 342nd District Court of its request for a hearing or a ruling, we conclude that the motion to vacate was not pending before the trial court for its consideration when it granted summary judgment. *See id.* at 262.

To the extent that Appellant contends that "a motion for summary judgment on an arbitration award is barred if there is a motion to vacate . . . on file," we disagree. Texas Civil Practice and Remedies Code Section 171.087 establishes the confirmation process for arbitration awards, stating that trial courts "shall confirm the award" unless "grounds are offered for vacating, modifying, or correcting an award under Section 171.088 or 171.091." Tex. Civ. Prac. & Rem. Code Ann. § 171.087. The statute itself does not specify procedural requirements beyond offering grounds for vacatur, but the procedural framework is governed by Section 171.093, which mandates that trial courts "shall hear each initial and subsequent application under this subchapter in the manner and with the notice required by law or court rule for

20

making and hearing a motion filed in a pending civil action." *Id.* § 171.093. As reflected in *Heilmann*, the statutory language demanding that grounds be "offered" requires activity on the movant's part beyond mere filing, *see* 2020 WL 6293446, at *3, and motions to vacate must be pending before the trial court for its consideration at the time that the court considers the motion to confirm, *see Hamm*, 178 S.W.3d at 262. Therefore, as discussed above, we conclude that Appellant did not offer grounds to vacate the arbitration award because the motion to vacate was not pending before the trial court for its consideration when it granted summary judgment. Accordingly, we hold that the trial court did not err by granting summary judgment.

We overrule Appellant's second issue.

## B. APPELLANT'S MOTION FOR CONTINUANCE

In its first issue, Appellant contends that the trial court abused its discretion by denying Appellant's motion to continue the January 16 hearing on Appellee's motion for summary judgment. As noted, Appellant moved to continue the January 16 hearing so that its motion to vacate could be heard before Appellee's motion for summary judgment, or alternatively, so that it could timely respond to Appellee's summary-judgment motion. Because the basis and timing of Appellant's motion for continuance evidences a lack of due diligence, we disagree.

### 1. Standard of Review and Applicable Law

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002).

21

A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004).

Whether the trial court grants or denies a motion for continuance is within its sound discretion. *See BMC Software Belgium, N.V.*, 83 S.W.3d at 800. We cannot conclude that a trial court abused its discretion merely because this court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

### 2. The Denial of Appellant's Motion for Continuance

Although no specific rule mandates that a motion for continuance be filed on or before the summary-judgment response deadline, filing the motion after that date is evidence of a party's poor case management and lack of diligence. *See, e.g., Harden v. Merriman*, No. 02-12-00385-CV, 2013 WL 5874708, at *1–4 (Tex. App.—Fort Worth Oct. 31, 2013, no pet.) (mem. op.) (holding that a trial court does not abuse its discretion by denying a motion for continuance when the movant first informs the trial court about the reason for a continuance shortly before the setting at issue); *Christus Health v. Ragsdale*, No. 13–10–00326–CV, 2011 WL 3854145, at *6 (Tex. App.—Corpus Christi–Edinburg Aug.31, 2011, no pet.) (mem. op.) (stating that whether "a party delayed unreasonably in bringing its motion for continuance is a factor a reviewing court may consider in determining whether a trial court abused its discretion in denying a motion for continuance"); *Landers v. State Farm Lloyds*,

22

257 S.W.3d 740, 747 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (op. on reh'g) (explaining that court took into account the fact that party did not file its motion for continuance of a summary-judgment hearing until after the deadline had passed for filing a response to a summary-judgment motion in determining whether party used due diligence); *see also Beutel v. Dallas Cnty. Flood Control Dist., No. 1*, 916 S.W.2d 685, 693 (Tex. App.—Waco 1996, writ denied) ("We cannot find that the trial court committed a clear abuse of discretion in refusing to grant the motion [for continuance] when it found that the issue could have been brought before the court several months earlier, rather than one week before trial.").

A critical weakness in Appellant's position is its failure to timely present its motion to vacate to the trial court. As we discussed in our resolution of Appellant's second issue, Appellant had the burden to set a hearing on its motion to vacate rather than allowing it to remain unscheduled and then seeking to delay other proceedings at the last minute. *See Hamm*, 178 S.W.3d at 262; *Amaro*, 2017 WL 2979903, at *5. Appellant's failure to meet this basic procedural requirement undermines its argument that the January 16 hearing needed to be continued. Likewise, the deadline to respond to Appellee's summary-judgment motion passed without a response and without a motion for continuance, evidencing a lack of diligence. *See Harden*, 2013 WL 5874708, at *1–4.

We are unconvinced by Appellant's eleventh-hour attempt to use its motion to vacate—filed but unscheduled and unpresented—as a basis for a continuance. We are

also unmoved by Appellant's reasoning for failing to respond to Appellee's summary judgment motion—that it had inadvertently failed to calendar the summary-judgment hearing or its response deadline.[13]

The record demonstrates that Appellant lacked diligence in scheduling a hearing on its motion to vacate and filing a motion for continuance. It had thirty-three days—December 11, 2024, to January 13, 2025[14]—to set a hearing on its motion to vacate, but it did not do so. It had at least seventeen days—December 23, 2024, to January 9, 2025[15]—to move to continue the hearing on Appellee's summary-judgment motion, but it did not do so. Appellant was aware that Appellee sought summary-judgment on its suit, yet the deadline to respond to Appellee's summary-judgment

---

[13]Although Appellant explained that its attorney had "experienced personnel transitions that inadvertently impacted proper calendaring" and that some of its staff had not received setting notices, the December 23, 2024 "Automated Certificate of eService" correctly lists Appellant's attorney of record as a recipient of the notice for the January 16 hearing.

[14]These dates span the date of the case's transfer until three days before the hearing on Appellee's summary-judgment motion. *See* Tex. R. Civ. P. 21(b) (requiring notice to be served upon all other parties not less than three days before the time specified for the court proceeding).

[15]These dates span the date of the case's transfer until seven days before the hearing on Appellee's summary-judgment motion—the deadline to respond to the summary-judgment motion. *See* Tex. R. Civ. P. 166a(c) ("[T]he adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *Landers*, 257 S.W.3d at 747 (concluding that a trial court did not abuse its discretion by denying a motion for continuance when the appellant waited to seek the continuance until after the deadline for responding to the motion for summary judgment).

motion passed without a response or a motion for continuance. *See Harden*, 2013 WL 5874708, at *1–4. Instead, Appellant delayed unreasonably—waiting until 11:55 p.m. the night before the hearing on Appellee's motion—in moving to continue the January 16 hearing. *See Christus Health*, 2011 WL 3854145, at *6.

In light of its lack of diligence in presenting its motion to vacate and requesting a continuance in advance of the hearing on Appellee's summary-judgment motion, we cannot conclude that the trial court's denial of Appellant's motion for continuance was arbitrary or unreasonable. *See Low*, 221 S.W.3d at 614. Accordingly, we hold that the trial court did not abuse its discretion by denying Appellant's motion for continuance.

We overrule Appellant's first issue.

## IV. CONCLUSION

Having overruled Appellant's two issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered: January 22, 2026

25